# DICKSON *v.* LUCK LAND COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF
MINNESOTA.

No. 600.   Submitted December 6, 1916.—Decided January 8, 1917.

Issuance of a fee-simple patent for an allotment in the White Earth Indian Reservation, Minnesota, under the clause of the Act of March 1, 1907, c. 2285, 34 Stat. 1015, 1034, which declares that

such allotments when held by adult mixed-blood Indians shall be free of restrictions on alienation and patentable in fee, implies an administrative finding that the patentee was of age when the patent issued.

While this finding is decisive of the allottee's age for the purpose of sustaining his right to the title freed from the restrictions which Congress had imposed by the allotting acts, c. 119, § 5, 24 Stat. 388; c. 24, § 3, 25 Stat. 642, it does not conclusively establish his majority for the purpose of determining whether a deed of the land which he made after patent was subject, under the state law, to disaffirmance as a deed made in infancy.

The restrictions being removed and the fee simple patent issued, the allottee, pursuant to the Act of May 8, 1906, c. 2348, 34 Stat. 182, becomes subject to, and entitled to the benefit of, the laws of the State governing the transfer of real property, fixing the age of majority and declaring the disability of minors.

132 Minnesota, 396, affirmed.

THE case is stated in the opinion.

*Mr. Frank Healy, Mr. Clyde R. White* and *Mr. Charles C. Haupt* for plaintiff in error.

*Mr. Marshall A. Spooner* for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

A tract of land in the White Earth Indian Reservation in the State of Minnesota is here in dispute. It was allotted and patented to a mixed-blood Chippewa Indian, and both parties claim under him. The allotment was made under legislation providing that the United States would hold the land in trust for the period of twenty-five years and at the expiration of that period would convey the same to the allottee or his heirs by patent in fee discharged of such trust and free of all charge or encumbrance, and also that if any conveyance should be made of the land, or if any contract should be made touching the same, before the expiration of the trust

period such conveyance or contract should be absolutely null and void.  24 Stat. 388, c. 119, § 5; 25 Stat. 642, c. 24, § 3.   Afterwards, upon the allottee's application, a fee simple patent was issued to him under a provision in the Act of March 1, 1907, c. 2285, 34 Stat. 1015, 1034, declaring: "That all restrictions as to the sale, incumbrance, or taxation for [of] allotments within the White Earth Reservation in the State of Minnesota, heretofore or hereafter held by adult mixed-blood Indians, are hereby removed, and  .  .  .   such mixed bloods upon application shall be entitled to receive a patent in fee simple for such allotments."  Following the issue of this patent, and on dates considerably separated, the allottee executed two deeds for the land, each to a distinct grantee.  The plaintiff in this suit claims under the second deed and the defendant under the first.  The object of the suit is to obtain an adjudication of these adverse claims.  In the trial court the plaintiff prevailed and the judgment was affirmed. 132 Minnesota, 396.

In both courts the decision was put upon the ground that the first deed was made while the allottee was a minor and the second after he became an adult and that under the law of the State the deed given during his minority was disaffirmed and avoided by the one given after he became an adult.  The only federal question presented or considered was whether the patent was conclusive of his having attained his majority at that time.  The defendant contended that it was, but the ruling was the other way and the plaintiff was permitted to show the allottee's age by other evidence.  The defendant concedes that, if the patent was not conclusive upon that point, the judgment must stand.

The validity of the patent is not assailed.  On the contrary, both parties claim under it, one as much as the other.  Nor is it questioned that the allottee received the full title freed from all the restrictions upon its disposal

which Congress had imposed. Thus the question for decision is whether the patent was to be taken as determining the allottee's age for any purpose other than that of fixing his right to receive the full title freed from all the restrictions imposed by Congress.

There is no mention of his age in the patent, and yet it must be taken as impliedly containing a finding that he was then an adult. This is so, because every patent for public or Indian lands carries with it an implied affirmation or finding of every fact made a prerequisite to its issue, and because the provision in the Act of 1907 made the majority of the allottee a prerequisite to the issue of this patent. But such implications, although appropriately and generally indulged in support of titles held under the Government's patents (*Steel* v. *Smelting Company*, 106 U. S. 447 450 *et seq.*), are not regarded as otherwise having any conclusive or controlling force. They are not judgments in the sense of the rules respecting estoppel by judgment, and we perceive no reason for giving them any greater force or influence than has been sanctioned by prior decisions.

The provision in the Act of 1907, under which this patent was issued, does not make for a different conclusion. In so far as it is applicable here, it does no more than to withdraw a particular class of allotments from the restrictions imposed by Congress and to authorize the immediate issue of fee simple patents for them. Although saying nothing on the point, it evidently intends that the administrative officers shall be satisfied in each instance before issuing the patent that the allotment belongs to the particular class; and so the patent when issued carries with it an implication that those officers found the allotment to be of that class. But the provision gives no warrant for thinking that this finding should have any greater effect or wider application than is accorded to the finding implied from the issue of other patents.

We conclude, therefore, that the administrative finding which this patent imports was not to be taken as decisive of the allottee's age for any purpose other than that of fixing his right to receive the full title freed from all the restrictions upon its disposal which Congress had imposed.

With those restrictions entirely removed and the fee simple patent issued it would seem that the situation was one in which all questions pertaining to the disposal of the lands naturally would fall within the scope and operation of the laws of the State. And that Congress so intended is shown by the Act of May 8, 1906, c. 2348, 34 Stat. 182, which provides that when an Indian allottee is given a patent in fee for his allotment he "shall have the benefit of and be subject to the laws, both civil and criminal, of the State." Among the laws to which the allottee became subject, and to the benefit of which he became entitled, under this enactment were those governing the transfer of real property, fixing the age of majority and declaring the disability of minors.

*Judgment affirmed.*