## HARRISON et al. v. HARRISON.

No. 13302—Opinion Filed Sept. 26, 1922.

(Syllabus.)

1. **Indians—Descent and Distribution—Oklahoma Law Applicable.**

All Indian lands from which restrictions have been removed, upon the death of allottee, descend according to the laws of descent and distribution of the state of Oklahoma.

2. **Indians—Descent of Creek Allotment—Rights of Noncitizen Heirs—Effect of Statehood.**

Sections 13 and 21 of the Enabling Act of June 16, 1916 (34 Stat. L. 267, ch. 3335), admitting Oklahoma as a state into the Union, provided: "That the laws in force of the territory of Oklahoma as far as applicable shall extend over and apply to said state until changed by the Legislature," and "shall be in force throughout said state except as modified or changed, by this act of the Constitution of Oklahoma"; and section 2 of the schedule to the Constitution provides: "All laws in force in the territory of Oklahoma at the time of the admission of the state into the Union which are not repugnant to the Constitution and which are not locally inapplicable shall be extended to and remain in force in the state of Oklahoma, until they expire by their own limitation or are altered or repealed by law." Held, under said provisions of the Enabling Act and the Constitution, chapter 49 of Mansfield's Digest of the Laws of Arkansas and the provisos of section 6 of the Supplemental Creek Agreement of June 30, 1902, qualifying said chapter 49, were repealed, and the devolution of an estate of a deceased Creek allottee having died since the admission of Oklahoma into the

Union is governed by the laws of descent and distribution of the state of Oklahoma, and noncitizen heirs may inherit.

3. **Statutes—Repeal of Statute by Substitution—Effect on Provisos.**

A new statute revising the whole subject-matter of an old one and intended as a substitute therefor, although there is no repealing clause, will operate to repeal the old law, and upon the repeal of a statute containing a proviso the proviso falls with the statute. In re Estate of Robert Pigeon, 81 Okla. 180, 198 Pac. 309; Teague v. Smith, 85 Okla. 12, 204 Pac. 439.

Error from District Court, Wagoner County; Guy F. Nelson, Judge.

Action by Eddie Harrison et al., against Dick Harrison et al., to recover interest in land. Judgment for defendant, and plaintiffs bring error. Affirmed.

E. L. Kerby and Disney & Wheeler, for plaintiffs in error.

Geo. S. Ramsey, Villard Martin, and Malcolm E. Rosser, for defendant in error.

KENNAMER, J. Eddie Harrison et al., plaintiffs, commenced this action against Dick Harrison et al., defendants, in the district court of Wagoner county, July 7, 1920, to establish their interest in certain lands described in their petition and for a partition of said lands.

The cause was submitted to the trial court on the 2nd day of November, 1921, on an agreed statement of facts. Whereupon the court entered judgment decreeing Dick Harrison, a noncitizen of the Creek Nation, to be an heir at law and entitled to inherit certain lands allotted to and inherited by Mattie Harrison, Annie Murrell, nee Harrison, Cleveland Harrison, deceased, children of Dick Harrison, who were freedmen citizens of the Creek Nation, and Linda Harrison, a Creek citizen freedman of the Creek Nation, deceased, wife of the said Dick Harrison.

The plaintiffs, Eddie Harrison et al., prosecute this appeal to reverse the judgment of the trial court, and counsel for the respective parties have filed a written stipulation wherein it is agreed that the only question involved in this appeal is whether a noncitizen father of deceased Creek freedmen allottees, who died subsequent to the admission of Oklahoma as a state, is precluded from inheriting from his children their allotted lands under the provisos of section 6 of the Supplemental Creek Agreement of June 30, 1902. (32 Stat. L. 500, c. 1323), qualifying c. 49 of Mansfield's Digest of the Laws of Arkansas.

It is agreed 'that if this court adheres to the rule announced in the case of In re Estate of Robert Pigeon, 81 Okla. 180, 198 Pac. 309, the judgment of the trial court must be affirmed. The syllabus in the Pigeon Case, supra, reads as follows:

"All Indian lands from which restrictions have been removed, upon the death of allottee, descend according to the laws of descent and distribution of the state of Oklahoma.

"Sections 13 and 21 of the Enabling Act of June 16, 1916 (34 Stat. L. 267, ch. 3335), admitting Oklahoma as a state into the Union provided: 'That the laws in force of the territory of Oklahoma as far as applicable shall extend over and apply to said state until changed by the Legislature,' and 'shall be in force throughout said state except as modified or changed by this act or the Constitution of Oklahoma'; and section 2 of the schedule to the Constitution provides: 'All laws in force in the territory of Oklahoma at the time of the admission of the state into the Union which are not repugnant to the Constitution and which are not locally inapplicable shall be extended to and remain in force in the state of Oklahoma until they expire by their own limitation or are altered or repealed by law.' Held, under said provisions of the Enabling Act and the Constitution, chapter 49 of Mansfield's Digest of the Laws of Arkansas and the provisos of section 6 of the Supplemental Creek Agreement of June 30, 1902, qualifying said chapter 49, were repealed, and the devolution of an estate of a deceased Creek allottee having died since the admission of Oklahoma into the Union is governed by the laws of descent and distribution of the state of Oklahoma, and noncitizen heirs may inherit.

"A new statute revising the whole subject-matter of an old one and intended as a substitute therefor, although there is no repealing clause, will operate to repeal the old law, and upon the repeal of a statute containing a proviso, the proviso falls with the statute."

This court again, in the case of Teague et al. v. Smith et al., 85 Okla. 12, 204 Pac. 439, followed the rule announced in the Pigeon Case, and as the question in this case was thoroughly considered by the court in the cases, supra, we see no reason for departing from the rule therein announced. The judgment of the trial court is therefore affirmed.

HARRISON, C. J., and MILLER, ELTING, and NICHOLSON, JJ., concur. KANE and JOHNSON, JJ., dissent.