**MURRAY et al. v. GOAD.**

No. 13076—Opinion Filed Jan. 11, 1923.

Rehearing Denied March 13, 1923.

(Syllabus.)

1. **Indians—Descent of Unrestricted Lands— Law Governing.**

All Indian lands from which restrictions have been removed, upon the death of allottee, descend according to the laws of descent and distribution of the state of Oklahoma.

2. **Same.**

Following the rule above announced, it is ordered that the judgment of the trial court be affirmed.

Error from District Court, Hughes County; John L. Coffman, Judge.

Action by Ella Goad, nee McCalvey, against Lucy Murray, nee McCalvey, and others, in ejectment and to quiet title. Judgment for plaintiff, and defendants bring error. Affirmed.

C. A. Niles, Staley, Diamond & Orr, Lynn A. Horton, and S. A. Horton, for plaintiffs in error.

Lewis C. Lawson, for defendant in error.

JOHNSON, J. This appeal involves no question of fact. It is before this court for determination upon the following stipulations of the parties:

"It is further stipulated and agreed that the only question involved in this cause of action is a question of law, to wit, whether the mother of the deceased allottee, who is not a citizen of the Muskogee or Creek Nation, or a descendant of such citizen, and has no Creek blood, inherits the allotment, or whether the Creek uncle and aunt inherit the same, the allottee having died on April 27, 1917; and that if the court holds as a matter of law that the noncitizen mother does not inherit the land, and that the uncle and aunt, who are Creek citizens by blood, inherit in preference to said noncitizen mother, then and in that event the court shall render judgment that the defendant Lucy Murray is the owner in fee simple of the land in controversy herein, and in possession thereof; and that the plaintiff, Ella Goad, and the defendants Cornelius McCalvey and Rachel McCalvey have no right, title, or interest therein, and that the defendant R. M. Carney has no right, title, or interest except as a tenant of the defendant Lucy Murray and that said defendant, Lucy Murray, shall have judgment for the rental value of said land for the year 1917, and that if the court holds as a matter of law that the noncitizen mother, who is not a descendant of a Creek citizen and has no Creek blood, inherits said land in preference to the Creek uncle and aunt, then and in that event the judgment shall be for plaintiff for ejection and the quieting of the title to said real estate in plaintiff, and that defendants have no right, title or interest therein or valid claim thereto."

The finding of facts by the trial court was stated in the following language:

"That the plaintiff, Ella Goad, is the mother of Joseph Hiram McCalvey, who died intestate, without issue and unmarried, on the 27th day of April, 1917, and left surviving him said mother, Ella Goad, and the defendant Lucy Murray, a paternal aunt, and Cornelius McCalvey, a paternal uncle, as his next of kin, who were Creek citizens and duly enrolled as such, and that Ella Goad,

the mother, was not a citizen of the Creek Tribe of Indians."

Counsel for plaintiffs in error, with reference to such finding of the trial court, say in their brief as follows:

"The court thereupon found that, notwithstanding the fact that the mother was not a citizen of the Creek Tribe of Indians, the law of Oklahoma governed the descent and distribution of this land, and that under the law of Oklahoma all of this land descended to the mother to the exclusion of the Creek uncle and aunt. To state it otherwise, the court held that the rule announced in In re Pigeon's Estate, 81 Okla. 180, 198 Pac. 309, was the rule that the court had to follow, and that being a contention of the defendant in error. There are a number of minor question that might be presented in this case,' that is, whether or not there were disputed questions of fact raised by these pleadings, but the plaintiff in error does not want to urge them, because they are purely technical."

Concerning the finding of the trial court counsel for defendant in error states in his brief as follows:

"The trial court held that the mother, Ella Goad, was the sole and only heir at law of her said deceased son, Joseph Hiram McCalvey, and decreed her the entire allotment. From that decree, this appeal is taken by plaintiffs in error, and this court is asked by them to reverse that decree and award said lands to said Murray under said conditions. Prior to the decree in this case, this court had rendered its decision in Re Estate of Robert Pigeon, 81 Okla. 180, 198 Pac. 309; and since such decision in this case, it has rendered its decision in Teague v. Smith, 85 Okla. 12, 204 Pac. 439, and the very recent case of Harrison v. Harrison (Sept. 26, 1922) 87 Okla. 91, 209 Pac. 737, adhering to its former opinion in the Pigeon Case, and in each case holding and deciding that on the death of unrestricted allottees since statehood their unrestricted lands and property descend under and are governed by the laws of descent of Oklahoma, and that non-Creek citizen heirs inherit such property under said laws."

It seems a further discussion of this appeal is unnecessary, nor would the same be profitable for any purpose. Counsel for plaintiffs in error clearly state the holding of the majority of this court in the Pigeon Case, and that that case was followed in the other cases, as stated.

The trial court adopted the rule there announced, and it follows that the judgment rendered by the trial court should be affirmed. And it is so ordered.

KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.