**JACKSON, nee ROE, v. McKAY et al.**

No. 10289—Opinion Filed March 27, 1923.

(Syllabus.)

**Indians—Inheritance of Creek Allotment.**

The judgment of the lower court is affirmed upon authority of In re Estate of Pigeon, 81 Okla. 180, 198 Pac. 309.

Error from District Court, Muskogee County; R. P. deGraffenried, Judge.

Action by Mollie Jackson, nee Roe, against Edmond McKay and others to cancel deed. Judgment for defendants, and plaintiff brings error. **Affirmed.**

B. B. Blakeney and J. H. Maxey, for plaintiff in error.

Geo. S. Ramsey, Edgar A. deMeules, Malcomb E. Rosser, and Villard Martin, for defendants in error.

PER CURIAM. This case involves the allotment of Elijah Roe, a freedman citizen of the Creek Nation, who died July 17, 1911, intestate, unmarried, and without issue, leaving his father, Marshall Roe, enrolled as a Seminole freedman and various brothers and sisters (including the plaintiff in error) who are duly enrolled Creek freedmen. Edmond McKay purchased the land from Marshall Roe, the father of the allottee, November 16, 1911, and all the brothers and sisters of the allottee executed deeds conveying their interest in the land to McKay.

Mollie Jackson, the plaintiff in error, being a sister of Elijah Roe, contended that Marshall Roe did not inherit the allotment of Elijah Roe, for the reason he was not a Creek citizen, nor descendant of a Creek citizen, and brought suit to cancel her deed to McKay on the ground of fraud, she contending she inherited an undivided one-sixth interest in the land.

Under the decisions of this court, in the following cases: In re Estate of Pigeon, 81 Okla. 180, 198 Pac. 309; and Teague v. Smith, 85 Okla. 12, 204 Pac. 439, and the case of Harrison v. Harrison, 87 Okla.___, 209 Pac. 737, the father of Marshall Roe inherited the land, and plaintiff in error inherited no interest therein. Therefore the allegations of fraud in procuring the deed from her became immaterial, for the reason the plaintiff in error inherited no interest in the land.

For the reasons stated, the judgment of the lower court is affirmed.

Concurred in by the Court.