### GRAVES et al. v. JACOBS et al.

No. 11412—Opinion Filed July 31, 1923.

**1. Indians — Devolution of Estates — Law Governing.**

"The devolution of an estate of a deceased Creek allottee having died since the admission of Oklahoma into the Union is governed by the laws of descent and distribution of the state of Oklahoma." Pigeon v. Stevens et al., 81 Okla. 180, 198 Pac. 309.

**2. Appeal and Error—Change of Theory— Record.**

Where a "change of theory" is urged in this court, such change is a question of fact and must appear of record for this court to determine such fact.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by Salina Jacobs and others against E. L. Graves and others. Judgment for plaintiffs, and defendants bring error. Reversed, with judgment rendered.

George Miller, Jr., for plaintiffs in error.

Glenn Alcorn, for defendants in error.

Opinion by THREADGILL, C. In this case Salina Jacobs and Homer Jones, Frank Jones and Martha Jones, minors, by Eastman Richard, guardian, hereinafter called plaintiffs, brought suit in the district court of McIntosh county, Okla., September 16, 1919. against E. L. Graves, Tim Wood, and Alex Wacoche, hereinafter called defendants, to cancel certain deeds of record and to quiet title in and to the N. W.¼ of section 16, township 11 north, range 15 east, in McIntosh county, and for $500, rentals and profits. The cause was tried to the court on the 13th day of April, 1920, upon the following agreed statement of facts.

"It is agreed by and between the parties hereto that a jury is waived in this cause, and the cause is submitted to the court without the intervention of a jury. It is further agreed by and between the parties

hereto that the allottee, Chitto-Harjo, was an enrolled citizen of the Creek Nation and was allotted and patented the land involved in the suit; that Chitto Harjo was the father of the plaintiff, Salina Jacobs, who is an enrolled full-blood citizen of the Creek Nation; that Chitto Harjo was the father of Legus Jones, an enrolled full-blood citizen of the Creek Nation; that Legus Jones died in 1915 leaving him surviving the minor plaintiffs, Homer, Frank and Martha Jones, who were born after the rolls were closed, and that Eastman Richard is their guardian; that one Thomas Wilson, enrolled opposite Roll No. 1843, on the Seminole roll as one-half blood was also the son of Chitto Harjo by his wife Milley, who survived the said Chitto Harjo and who is enrolled on the Seminole Roll opposite No. 1842 as a Seminole of full Indian blood; that the said Milley was of part Creek blood; that Thomas Wilson was also of part Creek blood; that at the time of the death of the said Chitto Harjo the above mentioned were his only children or grand children surviving him, and that the said Milley was his widow; that the said Thomas J. Wilson, the son of the said Milley and Chitto Harjo and the said Milley, the widow of the said Chitto Harjo, have conveyed whatever interest in said Chitto Harjo's allotment they inherited to the defendant, Tim Wood, who in turn conveyed the same to E. L. Graves as trustee, and the said E. L. Graves as trustee conveyed the same to the defendant, Alex Wacoche; that the defendant, Alex Wacoche is in possession of the land in question. claiming through the conveyance from E. L. Graves, who in turn derived his alleged title from the defendant, Tim Wood, who secured the conveyances from the said Milley and the said Thomas Wilson, and claims to own an undivided 5-9 interest in said land and concedes that the plaintiff, Salina Jacobs, is entitled to a 2-9 interest and the minor defendants, Homer, Frank and Martha Jones are each entitled to an undivided 2-27 interest in said land."

The court rendered judgment in favor of the plaintiffs and against the defendants; finding that Milley Harjo, the wife of Chitto Harjo. and Thomas Wilson, a son, being members of the Seminole Tribe of Indians, were not entitled to inherit any part of the land in controversy and that their deeds and instruments of record through them conveyed no title or interest in said land and were clouds upon the plaintiffs' title, and adjudged that the plaintiffs were entitled to the immediate possession of said land and the defendants and each of them claiming under or through them to be perpetually enjoined from claiming or asserting any interest in said land as against the plaintiffs and for all costs of the action. to all of which the defendants excepted and

bring the cause here by petition in error and case-made for review.

Defendants contend that when Chitto Harjo died leaving Milley Harjo, his wife, and Thomas Wilson, his son, and Salina Jacobs, a daughter, and Legus Jones, a son, that the devolution of the land in controversy should be governed by the Oklahoma law giving to the widow a one-third interest and to the children two-thirds interest, instead of by section 6 of the Supplemental Creek Agreement of June 30, 1902, modifying chapter 49 of Mansfield's Digest of the Laws of Arkansas.

The plaintiffs contend that section 6 of said Supplemental Creek Treaty controls and under its provisions Milley, the wife of Chitto Harjo, and Thomas, the son, being citizens of the Seminole Nation, could not inherit any part of the estate and the deeds given by them to Tim Wood and deed from Tim Wood to E. L. Graves as trustee and Graves' deed to Alex Wacoche should be canceled as clouds on their title. The question involved here is no longer an open question, but has been determined and settled against the plaintiffs and in favor of the defendants by Pigeon v. Stevens et al., 81 Okla. 180, 198 Pac. 309; Teague v. Smith, 85 Okla. 12, 204 Pac. 439; Minshall v. Berryhill, 83 Okla. 100, 205 Pac. 932; Harrison v. Harrison et al., 87 Okla. 91, 209 Pac. 737; Murray et al. v. Goad, 88 Okla. 300, 213 Pac. 73.

Plaintiffs contend that the defendants prosecuted their defense in the trial court on the theory that section 6 of the Supplemental Creek Agreement of June 30, 1902, modifying chapter 49 of Mansfield's Digest of the Laws of Arkansas, was in force in the Creek Nation, and as construed in the case of Thompson v. Cornelius, 53 Okla. 85, 155 Pac. 602, and that they should not be permitted to change their theory on appeal and take advantage of the holding of the court in the Pigeon Case. We have searched the record to determine what the theory of the defendants was in the trial court and from this report it appears that the defendants bought the land believing they could hold it under the law, at least the presumption is in their favor in this respect, and the pleadings and stipulations do not concede the contention of the plaintiffs and in their motion for new trial they complain that the judgment is contrary to the law and the evidence, and we cannot say they changed their theory of the defense on appeal.

We therefore set aside the judgment rendered by the court, and this court finds in favor of the defendants; we find that the facts in this cause are true and correct as set out and stated in the stipulations between the parties as above related, and we conclude as a matter of law that upon the death of Chitto Harjo the land in controversy passed to his heirs under section 11301, Comp. Stats. 1921; that Milley Harjo, the widow, was entitled to an undivided one-third interest in said land; that Thomas Wilson, Salina Jacobs, and Legus Jones, his children, were entitled each to an undivided two-ninths interest, and upon the death of Legus Jones, his three minor children, Homer, Frank, and Martha, were entitled to his interest in said estate. The court further concludes that the deeds made and executed by Milley Harjo or Tiger, and Thomas Wilson to Tim Wood on the 12th day of October, 1917, and the deed given by Tim Wood to E. L. Graves, as trustee, on the 19th day of January, 1918, and the deed given by E. L. Graves to Alex Wacoche on the 10th day of June, 1919, describing said lands are valid instruments of conveyance, vesting in Alex Wacoche an undivided five-ninths interest in said land, and the court is of opinion that the title of said land should be settled and quieted in the parties above named according to the interests they have, as above stated.

It is therefore ordered, adjudged, and decreed by the court that the plaintiffs be and they are hereby denied the relief asked for against the defendants. It is further ordered, adjudged, and decreed that Milley Harjo was the widow of Chitto Harjo, deceased, and upon his death was entitled to a one-third interest in said land and that Thomas Wilson, Salina Jacobs, and Legus Jones were his only children and upon his death were entitled to an undivided two-thirds interest in said land, and upon the death of Legus Jones, his three children, namely, Homer, Frank, and Martha Jones, minors, were entitled to his interest in said land, and it is further adjudged, ordered, and decreed by the court that Alex Wacoche, having bought the interest of Milley Harjo or Millie Tiger, the widow, and the interest of Thomas Wilson, a son of the said Chitto Harjo, deceased, is entitled and he is hereby awarded an undivided five-ninths interest in said lands and the title to said land is hereby forever quieted in the said Salina Jacobs and Homer, Frank, and Martha Jones, minors, the children of Legus Jones, deceased, and Alex Wacoche, and the costs of the action to be divided among the parties in proportion to their several interests.

Reversed, with judgment rendered.

By the Court: It is so ordered.