## CHILDERS et al. v. VERNON.

No. 14985—Opinion Filed Nov. 25, 1924.

Rehearing Denied Dec. 30, 1924.

**Indians — Devolution of Creek Allotment — Statutes Controlling.**

Under the act of May 27, 1908, section 9, on the death intestate of a Creek allottee of restricted lands, without issue, both his homestead and surplus lands descend to his heirs according to the laws of the state of Oklahoma, whether or not such heirs are citizens of the Creek Nation.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by Joe Childers and Elsie Childers, minors, by Everett Cole, their guardian, against W. S. Vernon, to recover a certain interest in real estate and for the partition thereof. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

J. S. Severson, for plaintiffs in error.

Newton & Pinson, for defendant in error.

Opinion by FOSTER, C. In this case plaintiffs in error, Joe Childers and Elsie Childers, minors, by Everett Cole, their legal guardian, hereinafter called plaintiffs, brought suit in the district court of Wagoner county, Okla., against the defendant in error, W. S. Vernon, hereinafter called defendant, for the recovery of the one-half interest in the southeast quarter of section 23, township 18 north, range 16 east, the sum of $600 for use and occupation, and for a partition of said land.

The cause was tried to the court on the 9th day of May, 1923, upon the following agreed statement of facts:

"Come now the parties to the above action and hereby stipulate and agree that the following are true facts concerning the controversy in said cause and they hereby submit this stipulation to the court in order that a determination of said cause may be made by the court upon said agreed stipulation.

"First. It is agreed that the plaintiffs, Joe Childers and Elsie Childers are minors and that Everett Cole is their duly appointed, qualified and acting legal guardian, and that W. S. Vernon, the defendant in said action has been duly served with summons and that the court has jurisdiction of said action and the same is properly before this court for trial.

"Second. It is further agreed that the land in controversy in this cause, to wit: southeast quarter of section 23, township 18 north, range 16 east. Wagoner county, Okla., was duly allotted to one Amos Childers, a duly enrolled Creek Indian enrolled opposite Roll No. 812, and enrolled as a three-quarter blood Indian and that during his life he was a restricted Indian; that said Amos Childers was duly and lawfully married at the time of his death, that he died intestate and without issue or descendants of issue on or about the 5th day of March, 1916, seized and possessed of the land hereinbefore described, and left him surviving as his sole and only heirs, his mother, Mahaley Perin, a duly enrolled full blood citizen of the Creek Nation, enrolled opposite Roll No. 817, as a full-blood Indian (the father of said Amos Childers having died several years previous to March 5th,

1916) and his lawful wife, Della Childers, a noncitizen, white woman.

"It is further stipulated and agreed that thereafter, to wit, on the 12th day of March, 1916, the said Della Childers, the legal wife of said Amos Childers, deceased, departed this life intestate, leaving as her sole and only heirs, her children, by a former husband Joe Childers and Elsie Childers, the plaintiffs above named and whose real names are Joe Cole and Elsie Cole.

"It is further agreed and understood that thereafter, to wit, on the 15th day of April, 1920, the defendant, W. S. Vernon, purchased all the right, title and interest in and to said premises owned by the said Mahaley Perin, mother of the said deceased Amos Childers, and that said defendant, W. S. Vernon, is vested with all right, title and interest that he obtained from said Mahaley Childers, as the mother of said deceased Amos Childers, in and to the lands hereinbefore described and that he has occupied said lands adversely to the plaintiffs since the 15th day of April, 1920, and is now in possession thereof.

"It is further stipulated and agreed that the reasonable annual rental of said premises is the sum of $—— per acre per annum.

"It is further stipulated that the northwest quarter of the southeast quarter of section 23, township 18 north, range 16 east, Wagoner county, Okla., was the homestead allotment of said Amos Childers from the Creek Nation of Indians.

"It is further stipulated and agreed that the only questions at issue in this case is whether or not Della Childers the wife of said Amos Childers, deceased, by virtue of the fact that she was a noncitizen of the Creek Nation, could inherit any portion of said real estate, the mother of said deceased being a duly enrolled citizen of said Creek Nation.

"Dated this the 24th of April, 1923."

The court rendered judgment in favor of the defendant, dismissing plaintiffs' petition, and finding that the deed through which the defendant claimed, executed by Mahaley Perin, a duly enrolled full-blood citizen of the Creek Nation and the surviving mother of Amos Childers, deceased, conveyed the full title of said land, and that Della Childers, the surviving white noncitizen wife of Amos Childers, deceased, through whom the plaintiffs claim, did not inherit any part of said land.

From the judgment so rendered plaintiffs excepted and bring the cause regularly on appeal to this court by petition in error and case-made, for review, claiming that the judgment of the trial court was not sus-

tained by the evidence, and is contrary to law.

The question presented is, whether in cases where the descent is cast, subsequent to the taking effect of the act of May 27, 1908, such descent is affected by the proviso to section 6 of the act of June 30, 1902, known as the Supplemental Creek Agreement, which provided that only citizens of the Creek Nation, male and female, and their Creek descendants shall inherit land of the Creek Nation, etc., or whether such descent is controlled by section 9 of the act of May 27, 1908.

That such descent cannot be affected by the proviso referred to in the act of June 30, 1902, seems to have been settled adversely to the contention of the defendant, in the following cases: In re Estate of Robert Pigeon, 81 Okla. 180, 198 Pac. 309; Teague v. Smith, 85 Okla. 12, 204 Pac. 439; Minshaw v. Berryhill, 83 Okla. 100, 205 Pac. 932.

In the Pigeon Case, supra, it was held as follows:

"Under said provisions of the Enabling Act and the Constitution (chapter 49 of Mansfield's Digest of the Laws of Arkansas) and the provisos of section 6 of the Supplemental Creek Agreement of June 30, 1902, qualifying said chapter 49, were repealed, and the devolution of an estate of a deceased Creek allottee having died since the admission of Oklahoma into the Union is governed by the laws of descent and distribution of the state of Oklahoma and noncitizen heirs may inherit.

"A new statute revising the whole subject matter of an old one, and intended as a substituting therefor, although there is no repealing clause, will operate to repeal the old law, and upon the repeal of a statute containing a proviso the proviso falls with the statute."

It is contended by the defendant, however, that the rule announced in the cases cited, holding that the laws of descent and distribution of the state of Oklahoma controlled the devolution of the estate of a deceased Creek allottee who died subsequent to the admission of Oklahoma into the Union, applies only to unrestricted lands of the allottee and that since the land involved in the instant case was restricted in the hands of the allottee, Amos Childers, in his lifetime, it descended to his heirs under the proviso to section 6 of the act of June 30, 1902, unaffected by the rule announced in the Pigeon Case.

We have been unable, however, from an examination of adjudicated cases in either the state or federal courts, to find any foundation for the distinction mentioned, where the allottee died subsequent to the act of May 27, 1908. In the case of Hill et al. v. Rankin, 289 Federal, page 511, it was held as follows:

"Under Act May 27, 1908, section 9, on the death intestate of a Creek allottee of restricted lands, single and without issue, both his homestead and surplus lands descend to his heirs according to the laws of the state of Oklahoma whether or not such heirs are citizens of the Creek Nation."

In the body of the opinion, Williams, District Judge, uses this language:

"Said proviso to said section 9, relates to homesteads of allottees of one-half or more Indian blood who died leaving issues surviving born since March 4, 1906; such issue not receiving any allotment from the Creek Tribe. This proviso was inserted for their protection. Provision also is made that in case of death of such issue the allottee may dispose of said homestead by will, and if not by will the land shall descend to the heirs whether full-blood or not, according to the laws of descent and distribution of the state of Oklahoma, free from all restrictions. Why the provision as to the descent according to the laws of descent and distribution of the state of Oklahoma, unless such descent applies alike to the homestead and surplus, restricted and unrestricted?"

The same rule is announced by our own court in the more recent case of Graves et al. v. Jacobs et al., 92 Okla. 62, 217 Pac. 871, where the court in the first paragraph of the syllabus said:

"The devolution of an estate of a deceased Creek allottee, having died since the admission of Oklahoma into the Union is governed by the laws of descent and distribution of the state of Oklahoma."

Should it be conceded that the rule contended for by the defendant is the correct rule and that the restricted land of an allottee descends, according to the proviso of section 6 of the act of June 30, 1902, and not according to the laws of the state of Oklahoma, such rule could have no application to the situation as is disclosed by the record in this case.

The allottee, Amos Childers was a three-quarter blood Creek Indian, and while section one of the act of May 27, 1908, imposed a restriction against the alienation of his surplus, such act did not have the effect of reimposing restrictions thereon where same had already expired under previous acts of Congress.

The restriction on the surplus allotments

of mixed blood Creek Indians under section 16 of the Supplemental Creek Agreement expired by limitation on August 8, 1907, since which time an adult mixed blood Creek Indian could convey his surplus, notwithstanding the act of May 27, 1908, referred to above. (Bartlet v. U. S., 235 U. S. 72, 59 L. Ed. 137.)

However, regardless of whether the land was restricted or not, in the hands of the allottee, during his lifetime, rule as announced in the case of Hill v. Rankin, and in Graves et al. v. Jacobs et al. must prevail, and the first paragraph of subsection 2 of section 11301. Comp. Stat. 1921, must be held to control the descent of the allotment of Amos Childers, which provides:

"If the decedent leave no issue, the estate goes one-half to the surviving husband or wife and the remaining one-half to the decedent's father or mother."

We are therefore of the opinion that the trial court erred in holding that the entire allotment descended to the defendant's grantor, Mahaley Perin. It follows that the judgment of the trial court must be reversed, and the cause remanded with directions to the trial court to set aside its judgment, and render judgment in favor of the plaintiffs in accordance with the prayer of their petition, and that it take such further action not inconsistent with the views herein expressed as accord with right and justice.

By the Court: It is so ordered.