## COOK et al. v. JAMES et al.

No. 16557—Opinion Filed April 27, 1926.

Rehearing Denied Sept. 21, 1926.

**Indians—Devolution of Unrestricted Land According to State Law.**

All Indian lands from which restrictions

have been removed, upon the death of the allottee subsequent to statehood, descend according to the law of descent and distribution of the state of Oklahoma.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McIntosh County; Harvè L. Melton, Judge.

Action between Susan Cook et al. and Millie James et al. From the judgment, the former bring error. Affirmed.

Turner & Turner and H. B. Parris, for plaintiffs in error.

Charles R. Freeman and T. H. Otteson, for defendants in error.

Opinion by JONES, C. This appeal is from a judgment of the district court of McIntosh county, and the only question involved is that of the right of a noncitizen heir to inherit lands from an Indian citizen. The controversy is between Jane Tiger, widow of John Tiger, deceased, and other heirs by blood of John Tiger, a duly enrolled citizen of the Creek Nation or Tribe of Indians, who died in 1924, intestate, without father, mother, brother, sister, or issue, surviving.

Upon the hearing of the case, the trial court, following the law as announced in the case of In re Estate of Robert Pigeon, Adm'x, v. Stevens et al., 81 Okla. 180, 198 Pac. 309, rendered judgment in favor of the widow, Jane Tiger, and against the other contestants, heirs by blood of John Tiger, deceased.

The appellants in this court contend:

"That the trial court, after finding that the defendant in error, Jane Tiger, was not a citizen of the Creek Nation, or descendant thereof, erred in holding that the defendant in error, Jane Tiger, inherited the lands allotted to John Tiger, a full-blood Creek Indian, and in holding that the first proviso to section 6 of Act of Congress of June 30, 1902 (32 St. L. 500), had no application where descent was cast subsequent to statehood."

It is admitted by appellants that their contention here made is contrary to the law as announced in the case of In re Pigeon's Estate, supra, and numerous other decisions of this court following the rule therein announced, wherein it was held:

"Sections 13 and 21 of the Enabling Act of June 16, 1906 (34 Stat. L. 267, ch. 3335), admitting Oklahoma as a state into the Union provided: 'That the laws in force of the territory of Oklahoma, as far as applicable, shall extend over and apply to said state until changed by the Legislature,' and 'shall be in force throughout said state except as modified or changed by this act or the Constitution of Oklahoma; and section 2 of the Schedule to the Constitution provides: 'All laws in force in the territory of Oklahoma at the time of the admission of the state into the Union, which are not repugnant to the Constitution and which are not locally inapplicable shall be extended to and remain in force in the state of Oklahoma until they expire by their own limitation or are altered or repealed by law.' Held, under said provisions or the Enabling Act and the Constitution, chapter 49 of Mansfield's Digest of the Laws of Arkansas and the provisos of section 6 of the Supplemental Creek Agreement of June 30, 1902, qualifying said chapter 49, were repealed, and the devolution of an estate of a deceased Creek allottee having died since the admission of Oklahoma into the Union is governed by the laws of descent and distribution of the state of Oklahoma, and noncitizen heirs may inherit."

We think the conclusion reached in the above citation a correct and proper construction of the law governing the devolution of the estate of deceased Indians, and this rule has been followed by this court in numerous decisions, down to and including the opinion rendered in the case of Childers et al. v. Vernon, 105 Okla. 204, 232 Pac. 96, and we therefore find no merit in the contention of appellant, and affirm the case.

By the Court: It is so ordered.

Note.—See 31 C. J. p. 524 § 96.