**CAULK et al. v. LOWE et al.**

No. 8748—Opinion Filed Nov. 19, 1918.

Rehearing Denied Jan. 28, 1919.

(178 Pac. 101.)

1. **Descent and Distribution—Executors and Administrators—Allowance of Account—Discharge—Fraud on Court—Invalidity.**

J. K. C. departed this life intestate. F. M. C. made application for the appointment of her husband as administrator of said estate, and averred in said petition that she was the sole heir of said decedent. Prior to and at the time of making such application the said F. M. C. knew that M. C. L. was a daughter of the decedent and an heir of said estate, which knowledge of such heir was not disclosed to the county court to which such application was made, and no notice was issued to said M. C. L. of said application for administration. O. C. was appointed administrator and administered said estate, and was finally discharged, as were also his bondsmen. Thereafter F. M. C. made application to said court for a declaration of heirship, and asked that she be declared the sole heir of said estate F. M. C. was declared the sole heir, and the entire amount of unadministered part of said estate was awarded to her. M. C. L. had no knowledge of said administration or determination of said heirship until several months after such orders had been entered, and thereafter made application to said court to have said judgment and orders of said court set aside upon the grounds of fraud, and that said judgment and orders were made without notice to her, and that the court was without jurisdiction to make and enter the same. Held, that in making said application for administration and to have heirship determined, and failing to disclose to the court that M. C. L. was an heir of said estate, and failing to have notice issued to said M. C. L. F. M. C. committed a fraud upon said court, rendering the said orders of said court in settling the final account of such administrator, discharging said administrator and his bondsmen, and declaring such heirship, void.

2. **Descent and Distribution — Collateral Kindred—Interest.**

Where one dies intestate, leaving a legit-

imate child, collateral kindred of' such decedent have no interest in his estate.

**3. Judgment—Notice—Validity — Action to Vacate.**

A judgment rendered without notice to a party at interest is a void judgment as against such nonnotified party, and an action to vacate such judgment may be brought at any time after the rendition of such judgment, under section 5274, Revised Laws 1910.

**4. . Judgment—Trial — Findings — Request.**

A party may request a finding upon any fact in issue in the cause, but cannot dictate how such fact be found.

(Syllabus by Collier, C. )

Error from District Court, Rogers County; W. J. Campbell, Judge.

Petition by Mary C. Lowe and others to vacate an order discharging Ott Caulk, administrator of Judge K. Clingan, deceased, and an order determining heirship, and distributing estate to Fannie M. Caulk as sole heir at law, and an order in connection with the appointment of the administrator. Petition granted in part, motion by Ott Caulk, administrator, and Fannie M. Caulk, heir, for a new trial overruled, and they appealed, and from an order of the district court, and from the overruling of their motion for new trial, they bring error. Modified and affirmed.

Holtzendorff & Holtzendorff and W. H. Kornegay, for plaintiffs in error.

Moore & Pomeroy and Adams & Wills, for defendants in error.

Opinion by COLLIER, C. Judge K. Clingan died intestate in Rogers county, Okla., on May 1, 1908. Upon petition of Fannie M. Caulk, who alleged in her said petition that she was the only heir of the estate of Judge K. Clingan, deceased, Ott Caulk, her husband, was by the county court of said county appointed administrator of the said estate, and duly qualified and entered upon his duties as such administrator.

On the 6th day of April, 1909, said Ott Caulk filed his account for a final settlement of said estate, which was heard on May 18, 1909, and said account approved, and said Ott Caulk discharged as administrator, and his bondsmen as such administrator released.

On the 19th day of May, 1909, said Fannie M. Caulk, who claimed to be the sole heir of said defendant, filed in said county court her petition to have heirship determined, and to have the entire estate of said decedent remaining vested in her as the sole and only heir of Judge K. Clingan, deceased; and on that day the said county court made and entered an order finding the said Fannie M. Caulk to be the sole and only heir at law of the decedent, Judge K. Clingan, and vesting in her the absolute title in and to all the property remaining undisposed of belonging to said estate.

On November 26, 1912, Mary C. Lowe, claiming to be the legitimate daughter of the decedent and his sole heir at law, filed in said county court her petition to have vacated the said final order discharging said Ott Caulk as administrator, and order finding and determining heirship, and vesting title in, and distributing the proceeds belonging to, said estate to Fannie M. Caulk as the sole heir at law, together with all orders in connection with the appointment of said administrator, upon the grounds, among other grounds:

"That during all the time mentioned in the foregoing paragraph she was a nonresident of the state of Oklahoma, and that she had no knowledge of the death of the said Judge K. Clingan or the proceedings mentioned in said paragraph, and that said petitioner did not learn of the death of the said Judge K. Clingan or the aforesaid proceedings until some few months past; that the said Fannie M. Caulk and said Ott Caulk well and truly knew that petitioner was at said times aforesaid a nonresident of the state of Oklahoma; that the said Fannie M. Caulk and the said Ott Caulk knew that petitioner was the sole and only heir at law of the said Judge K. Clingan, deceased.

"That the aforesaid order attempting to appoint the said Ott Caulk administrator of the estate of said Judge K. Clingan, deceased, was absolutely null and void and of no effect whatsoever, and the court never had any jurisdiction to make said appointment for the following reasons:

"(A) That while your petitioner was the sole and only heir at law of the aforesaid Judge K. Clingan, being his sole and only child, and while the said Fannie M. Caulk and the said Ott Caulk well and truly knew these facts to be true, the aforesaid petitioner failed to mention the name of your petitioner, but, on the contrary, avers that the said Fannie M. Caulk is the sole and only heir at law of the said Judge K. Clingan.

"(B) For the further reason that the said Fannie M. Caulk and the said Ott Caulk conspired and colluded together to conceal from this court the relationship of your petitioner and said Judge K. Clingan, and the interest of petitioner in the estate of Judge K. Clingan, all of which was done for the purpose of and with the intent of defrauding petitioner.

"(C) And for the further reason that while the said Fannie M. Caulk and said Ott Caulk well and truly knew that at the time of the death of the said Judge K Clingan, and at all times subsequent thereto, petitioner was a nonresident of the state of Oklahoma, they, the said Fannie M. Caulk and the said Ott Caulk, never mailed petitioner any notice of the hearing of their aforesaid petition for the appointment of administrator as aforesaid.

"(D) For the further reason that the said Fannie M. Caulk and the said Ott Caulk failed to give notice of the hearing of their petition for the appointment of administrator, as required by the aforesaid order of this court.

"(E) For the further reason that while the said Fannie M. Caulk and the said Ott Caulk well and truly knew that petitioner was at all times mentioned herein a nonresident of the state of Oklahoma, and further that petitioner was the sole and only heir at law of the said Judge K. Clingan, they failed absolutely to give any notice by publication of their aforesaid petition for the appointment of administrator.

"Petitioner would further show this honorable court that on the 6th day of April, 1909, the aforesaid Ott Caulk filed in this court his final report as administrator of the estate of the said Judge K. Clingan; and thereafter, to wit, on the 16th day of April, 1909, this court made and entered its order for hearing the aforesaid final report, setting said hearing for the 18th day of May, 1909; * * * that thereafter, on the 19th day of May, 1909, and one day after the day set for hearing the aforesaid final account, a proof of posting and a proof of publication of the order setting said account for hearing was filed herein, and that on the same day this court made and entered herein its order approving said final account and discharging the said Ott Caulk as such administrator aforesaid; that on the said 19th day of May, 1909, said Fannie M. Caulk filed herein her petition praying for a proof of heirship of said Judge K. Clingan; that the court thereupon made and entered its order finding that the said Fannie M. Caulk was the sole and only heir at law of the said Judge K. Clingan, and ordered that the title to the estate of the said Judge K. Clingan vest in the said Fannie M. Caulk.

"That your petitioner would state and allege that the aforesaid order of discharge and determination of heirship was absolutely null and void and of no effect whatsoever, for the following reasons, to wit:

"(A) For the reason that the aforesaid petition upon which said order was based was not filed at the time prescribed by law, and therefore conferred no jurisdiction on this court to make said order.

"(B) For the further reason that no notice of the hearing of aforesaid petition for heirship and for final distribution was given as prescribed by law.

"(C) And for the further reason that there were no valid or legal administration proceedings pending in this court at the time the said order was made upon which to predicate said order."

On July 14, 1914, Elijah C. Clingan. Jr., C. Lillie Clingan, and William Keith Clingan, alleging that they were the sole heirs of Judge K. Clingan, deceased, filed a similar petition to the petition filed by Mary C. Lowe, and praying like relief.

On the 13th of March, 1914, Ott Caulk and Fannie M. Caulk filed answer to said applications, as follows:

"(1) That this court has no jurisdiction of the subject-matter of the petition.

"(2) That this court, by discharging the administrator and closing the estate, lost all jurisdiction of this case.

"(3) That the said petitioner, Mary C. Lowe, never was the heir of Judge K. Clingan, deceased, and is not now the heir of Judge K. Clingan, deceased.

"(4) That the judgments of probate court of Rogers county referred to in the petition are in all things regular and were duly given and rendered, and thereby it was conclusively established that Fannie M. Caulk was and is the sole and only heir of Judge K. Clingan, deceased.

"(5) They say that all the property has been distributed, and the bondsmen of Ott Caulk and he have been duly discharged.

"(6) They say that with the expiration of the term of court at which the judgment was rendered the right of the court to set aside the judgment ended.

"(7) They say that the petitioner is barred by the statute of limitations from maintaining the action.

"(8) They say that the petitioner had no notice of the proceedings at the time they were had, and that they did not present any claim of discharge. They ask that the proceedings be dismissed."

The said petitions, coming on for hearing, were granted in part, the court finding that no proper or legal notice was ever given to the said petitioner, either actual or constructive, and adjudged, ordered, and decreed—

"that any and all proceedings had in the matter of the final setlement of the administrator's account of above-named Ott Caulk as administrator of the estate of said Judge K. Clingan, deceased, and for the determination of heirship of said Judge K. Clingan, deceased, and for the discharge of said Ott Caulk as administrator of the estate of

said Judge K. Clingan, deceased, be, and the same are hereby, set aside, vacated, and held for naught, and ordered that Ott Caulk, as administrator of the estate of the said Judge K. Clingan, proceed with the settlement of the estate."

On the 2d day of January, 1915, Ott Caulk and Fannie M. Caulk filed a motion for a new trial, which was overruled and excepted to; and thereupon the said Ott Caulk and Fannie M. Caulk perfected an appeal to the district court of Rogers county, Okla., where said cause was tried de novo to the court upon the pleadings filed in the county court.

The evidence in this case is very voluminous, covering more than 400 pages of typewritten matter, and we think it would unnecessarily incumber this opinion to attempt to set it out in detail, and that it will suffice to say that the uncontradicted evidence is that there was no notice given of the petition to appoint Ott Caulk as administrator of the said estate of Judge K. Clingan, deceased, as prescribed by the court, and no notice of the application of Fannie M. Caulk to have heirship in said estate determined and she declared the sole and only heir of Judge K. Clingan, deceased, and that the time provided by section 6488, Revised Laws, in which said petition should be fixed for hearing at not less than 60 days, or more than 4 months, from the filing of said petition, was not observed, and no notice was given or filed of said petition to determine such heirship, as required by said section 6488, but the said petition was immediately heard, and said Fannie M. Caulk vested with title to the entire estate of said decedent.

The evidence was in conflict as to whether or not the fraud alleged was practiced, and whether or not the plaintiff Mary C. Lowe was an heir of said Judge K. Clingan, deceased, and whether or not the defendants had knowledge that the said Mary C. Lowe was the daughter of said Judge K. Clingan, deceased; but we are satisfied that the great weight of the evidence is that Judge K. Clingan, deceased, was the father of said petitioner, Mary C. Lowe, and that Angeline Sisk was her mother, and that the said Judge K. Clingan and Angeline Sisk were lawfully married according to the laws of the state of Tennessee, and that Mary C. Lowe is the legitimate child of the said decedent, and is therefore an heir at law of said decedent.

Upon the conclusion of the evidence for the plaintiff the defendants Ott Caulk and Fannie M. Caulk demurred to the evidence of plaintiff, which demurrer was overruled and exceptions saved.

Thereupon Fannie M. Caulk and Ott Caulk ask the following finding of facts:

"I. Mary Lowe, the petitioner, is not a legitimate child of Judge K. Clingan.

"II. Mary Lowe was never recognized by the deceased as a member of his family.

"III. Mary Lowe is not an heir of deceased.

"IV. The evidence does not show that any misrepresentation was made by Fannie Caulk to the probate court of Rogers county.

"V. The evidence does not show that any misrepresentations were made by Ott Caulk to the probate court.

"VI. The deceased, Judge K. Clingan, and the mother of Mary Lowe were never married.

"VII. This action in this case is barred by limitations."

The district court made the following finding of facts:

"That on the 1st day of May, 1908, a petition was filed in the county court of Rogers county, Oklahoma, by Fannie M. Caulk and Ott Caulk to have Ott Caulk appointed administrator of the estate of Judge K. Clingan, deceased, and subsequently on the 28th day of May, 1908, said court made and entered an order appointing the said Ott Caulk as administrator of said estate, and the said Ott Caulk thereupon qualified by giving the bond and by taking the oath of office as required by law, but the record before the court does not disclose the issuance of any letters of administration, but such administrator thereafter entered upon the performance of his duties as such administrator, and was recognized by the court as such.

"That several claims were presented to, and were audited and allowed by, the said Ott Caulk, as administrator of the estate of the said Judge K. Clingan, deceased, and by the said county court of Rogers county, Oklahoma, and were paid out of the funds belonging to said estate, and after the expiration of about a year or more the said administrator presented his final account and secured his discharge as such administrator on the 18th day of May, 1909.

"That on the 19th day of May, 1909, the same being the day after the said Ott Caulk, as administrator of the estate of the said Judge K. Clingan, deceased, was discharged, Fannie M. Caulk, claiming to be the sole heir of the said Judge K. Clingan, deceased, filed in the county court of Rogers county, Oklahoma, her petition to have the heirs of the said decedent determined, and to have the entire estate of the said decedent vested in her, the said Fannie M. Caulk, as his sole heir, which said petition was on the same day heard by the court, and on the same

day the court made and entered its order finding the said Fannie M. Caulk to be the sole heir at law of said decedent, and vesting in her the absolute title in and to all of the property belonging to said estate and remaining undisposed of; and thereafter, on the 22d day of January, 1910, the aforesaid order determining heirship and vesting title was corrected by the court upon petition of the said Fannie M. Caulk.

"That the final report of the said Ott Caulk, as administrator of the estate of the said Judge K. Clingan, deceased, was filed in the county court of Rogers county, Oklahoma, on the 16th day of April, 1909, and an order was made and entered by said court upon said date setting said report for final hearing on the 18th day of May, 1909, which order directed three weeks' notice of the hearing of said final report, as required by law; that a copy of the aforesaid order was published in the Chelsea Reporter on the 22d day of April, 1909, for the first time, and was thereafter published weekly in said newspaper for four consecutive issues, and a formal notice was posted in three public places for three weeks before the final order of settlement and discharge was made, but proof of posting and publishing were not filed in the said county court of Rogers county, Oklahoma, until the 19th day of May, 1909, one day after said court made the final order settling the aforesaid administrator's final account, and discharging him as administrator.

"That on the 26th day of November, 1912, Mary C. Lowe, claiming to be the sole heir at law of Judge K. Clingan, deceased, filed in the county court of Rogers county, Oklahoma, her petition to vacate the aforesaid final order of discharge, and the order allowing and settling the final account of the said Ott Caulk as such administrator aforesaid, and the order finding and determining the heirs of said decedent, and vesting the title of the property belonging to said estate and distributing the same to the said Fannie M. Caulk, as the sole heir at law of said decedent, together with all orders and proceedings in connection with the appointment of the said Ott Caulk as such administrator aforesaid; that thereafter, on the —— day of ——, 191—, the said Elijah E. Clingan, Jr., C. Lillie Clingan, and William Keith Clingan filed in the said county court of Rogers county, Oklahoma, their petition which was practically the same as the aforesaid petition of the said Mary C. Lowe; that thereafter, on the 2d day of January, 1915, the said county court of Rogers county, Oklahoma, after a trial on the aforesaid petitions, granted said petitions in part, and thereafter the said matter was regularly appealed to this court from the aforesaid final order and judgment of the said county court of Rogers county, Oklahoma, by the said Fannie M. Caulk and Ott Caulk.

"That the county court of Rogers county, Oklahoma, had jurisdiction to hear and determine the aforesaid petitions to vacate, and therefore this court on appeal has such jurisdiction.

"That the fraud alleged in the aforesaid petitions to vacate, and complained of by the aforesaid petitioners, was not discovered until within two years from the date of the filing of said petition; and that said petitioners are, and have been at all times subsequent to the death of the said Judge K. Clingan, non-residents of the state of Oklahoma, and had no knowledge of the death of the said Judge K. Clingan, and had no knowledge of the proceedings for the appointment of the said Ott Caulk as administrator of the estate of the said Judge K. Clingan, deceased, and had no knowledge of the matters complained of in their petitions until a short time, and within two years, prior to the filing of said petitions in the county court of Rogers county, Oklahoma; and that by reason of the aforesaid facts, together with the other facts established by the evidence in this matter, the aforesaid petitioners are and were not barred at the time of the filing of said petitions to vacate by the statute of limitations, and in so far as the plea of the statute of limitations is concerned the court finds in favor of the petitioners, and against Fannie M. Caulk and the said Ott Caulk, as such administrator aforesaid, and in so far as the question of jurisdiction is concerned the court finds in favor of the aforesaid petitioners and against Fannie M. Caulk and Ott Caulk as such administrator aforesaid.

"That the said petitioner Mary C. Lowe has such interest in the estate of the said Judge K. Clingan, deceased, as will permit her to maintain this proceeding to vacate, set aside, and hold for naught the orders and judgments of the county court of Rogers county, Oklahoma; and the court finds and adjudges that the said petitioner Mary C. Lowe has shown a meritorious right in and to a portion of the estate of the said Judge K. Clingan, deceased, in her aforesaid petition, and by the evidence introduced and submitted to the court in this matter; and that the evidence introduced and submitted to this court in this matter disclosed that the said decedent, Judge K. Clingan, was the father of the said petitioner, Mary C. Lowe, and that Angeline Sisk was her mother, and that the said Judge K. Clingan and Angeline Sisk were lawfully married according to the laws of the state of Tennessee, and that the said Mary C. Lowe is the legitimate child of the said decedent and is therefore an heir at law of said deceased, and as such is entitled to participate in the distribution of the estate of said decedent.

"That the aforesaid Ott Caulk and the aforesaid Fannie M. Caulk at the time they filed their petition in the county court of

Rogers county, Oklahoma, for the appointment of the said Ott Caulk as administrator of the estate of the said Judge K. Clingan. deceased, and prior thereto, and at all times subsequent thereto, had knowledge of the fact that the said petitioner, Mary C. Lowe. was interested in the estate of the said Judge K. Clingan, deceased, and was a nonresident of the state of Oklahoma, and was entitled to make her claims to the said estate in the county court of Rogers county, Oklahoma, to a portion of the estate of said decedent, and that she was a child of the said decedent. and as such was an heir at law and entitled to participate in the distribution of the estate of said decedent; and that they purposely concealed such facts from the county court of Rogers county, Oklahoma, at all times, and purposely concealed the death of said decedent and the filing of the application for the appointment of the said Ott Caulk as the administrator of said estate of the said Judge K. Clingan, deceased, and the entire proceeding in the said county court of Rogers county, Oklahome, pertaining to the settlement of said estate, including the final settlement of said administrator's account, the discharge of such administrator, and the proceedings for the determination of the heirs of said decedent, and for the distribution of the estate of said decedent, from the said petitioner Mary C. Lowe. and that such conduct on their part constituted fraud upon the rights of the said petitioner Mary C. Lowe, and against said petitioner, and was a fraud upon the county court of Rogers county. Oklahoma; and, further. that the said county court of Rogers county, Oklahoma, was induced to make the orders complained of on account of the aforesaid conduct and fraud of the said Ott Caulk and the said Fannie M. Caulk, and the court would not have made the orders complained of if the full disclosure of the facts had been made to it by the said Ott Caulk and the said Fannie M. Caulk.

"That the orders and proceedings complained of were irregularly made and had. and the order determining the heirs of the said Judge K. Clingan. deceased. and distributing the estate to the aforesaid Fannie M. Caulk, was irregular, fraudulent. and void. and was made without jurisdiction in the said county court of Rogers county, Oklahoma, to make the same at the time and in the manner it was made.

"That the court finds the issues of fact generally in favor of the petitioners Mary C. Lowe, Elijah E. Clingan. Jr., C. Lillie Clingan, and William Keith Clingan. minors, by their next friend, Jennie Lee Clingan, and against the said Ott Caulk and the said Fannie M. Caulk, and finds that the orders complained of, which prevent the petitioners from asserting their claims to a portion of the estate of the said Judge K. Clingan. deceased, should be vacated, set aside, held

for naught, and canceled for the reasons alleged in the aforesaid petitions and proven by the evidence introduced and submitted to the court in this matter. * * *"

The court rendered the folowing decree:

"First, that the order and decree of the county court of Rogers county, Oklahoma. made and entered in the above-entitled matter on the 19th day of May, 1909, designating the heirs of the said Judge K. Clingan. deceased, and vesting the title to all of the property of said decedent, and distributing the estate of said decedent to the said Fannie M. Caulk, be. and the same is hereby. vacated, set aside, annulled, canceled, and held for naught.

"Second. that the order and decree of the county court of Rogers county, Oklahoma. made and entered in the above-entitled matter on the 22d day of January, 1910, correcting the aforesaid order of said court mentioned and described in the preceding paragraph, be, and the same is hereby, vacated, annulled, canceled, and held for naught.

"Third, that the order and decree of the county court of Rogers county, Oklahoma, made and entered in the above-entitled matter on the 18th day of May, 1909, finally discharging Ott Caulk as administrator of the estate of the said Judge K. Clingan, deceased, and fully and finally releasing his bondsmen from all obligations as sureties on his administrator bonds, and fully and finally closing said estate, be, and the same is hereby, vacated, annulled, set aside, canceled and held for naught.

"Fourth, that the costs of this proceeding be taxed against Ott Caulk as administrator of the estate of Judge K. Clingan, deceased.

"Fifth, that the above-entitled matter be remanded to the county court of Rogers county. Oklahoma, which said court is ordered and directed to reinstate said matter upon the dockets and records of said court, and to permit the said petitioners Mary C. Lowe, Elijah E. Clingan. Jr.. C. Lillie Clingan, and William Keith Clingan. minors. by their next friend. Jennie Lee Clingan, to make such claims to the estate of the said Judge K. Clingan. deceased, and the property belonging thereto, as they may have, and to entertain and determine such claims in the same manner and to the same extent as if said estate had never been closed and determined. and the aforesaid orders and decrees vacated. annulled, set aside, canceled, and held for naught, had never been made and entered."

To each and every part of the foregoing judgment. the said Fannie M. Caulk and the said Ott Caulk excepted. Fannie M. Caulk and Ott Caulk made a motion for a new trial, which was overruled, excepted to, and they perfected an appeal to this court.

· Though the evidence was in conflict, the great weight thereof fully sustains the contention of the petitioner Mary C. Lowe, and therefore the court did not err in overruling the demurrer.

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted. The court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is more favorable to the demurrant." Rose v. Woldert Gro. Co., 54 Okla. 566, 154 Pac. 531.

"Unless the evidence, and all inferences which a jury could justifiably draw from it, is insufficient to support the verdict for plaintiff, a demurrer to the evidence should be overruled." Ft. Smith & W. Ry. Co. v. Knott, 60 Okla. 175, 159 Pac. 847.

The assignment of errors is argued by defendants in their brief under four general propositions, which are as follows:

"First Proposition. That the county court was without jurisdiction, and the district court was without jurisdiction.

"Second Proposition. That said judgment was contrary to the evidence.

"Third Proposition. That the district court erred in refusing and denying the written request for finding of facts duly made and filed by the plaintiffs in error as defendants below.

"Fourth Proposition. That the district court erred in admitting certain irrelevant, incompetent, and immaterial testimony over the objections and exceptions of plaintiffs in error."

The said propositions will be considered in the order stated.

It cannot be questioned that under sections 5267 to 5275, Revised Laws, inclusive, the county court had jurisdiction to set aside its orders and judgment for fraud practiced by the successful party in obtaining such orders or judgment.

The weight of evidence disclosed that fraud was practiced by the defendant by withholding from the county court information had by Fannie M. Caulk and Ott Caulk at the time the application was made for the appointment of Ott Caulk as administrator, and at all the subsequent proceedings in the case, that Mary C. Lowe was the daughter of the decedent and an heir of his estate, which resulted in having the said Fannie M. Caulk wrongfully adjudged the sole heir of Judge K. Clingan, deceased. That the orders and judgment involved in the instant case which were sought to be set aside is a

probate matter does not admit of question, and therefore the district court had jurisdiction of the appeal from the county court sitting in probate.

It therefore clearly appears that the county court and district court had jurisdiction, and that the contention of proposition one is without merit.

The great weight of the evidence shows that Judge K. Clingan and Angeline Sisk were legally married in accord with the laws of Tennessee, and the said Mary C. Lowe was the result of such union; therefore there can be no question that the said Mary C. Lowe is an heir of the estate of Judge K. Clingan, deceased, and the undisputed record of the county court, together with the evidence in the case conclusively showing that the fraud alleged to have been perpetrated by Fannie M. Caulk and Ott Caulk upon the county court sitting in probate was perpetrated, and that no ·notice whatever was given Mary C. Lowe of any of the proceedings had in the county court which resulted in declaring Fannie M. Caulk the sole heir of the said estate, the county court never acquired jurisdiction of Mary C. Lowe, and that, therefore, the orders and judgment as to her were void; which findings of the court of facts, and the judgment rendered, are not contrary to the weight of the evidence in the case, and therefore the second proposition is without weight.

The court in its findings found that Mary C. Lowe, the petitioner, was the legitimate child of Judge K. Clingan; and, having so found, it was entirely immaterial whether or not Mary C. Lowe was ever recognized by the decedent as a member of his family, as a legitimate child is an heir regardless of whether or not it was ever recognized as a member of its father's family, or whether or not the father ever lived with the family in which such child resided, and it was unnecessary for the court to find whether or not Mary C. Lowe was ever received in the family of the decedent.

The court found that in withholding the information that she should have given the probate court in her petition for administration and the other proceedings in the case in the said probate court that Fannie M. Caulk practiced a fraud upon the court. It is entirely unimportant in this case as to whether or not her husband, Ott Caulk, participated in this fraud, and therefore it was not necessary for the court to make any findings as to the action of Ott Caulk.

The court found that Judge K. Clingan

and the mother of Mary C. Lowe, Angeline Sisk, were legally married.

The court found that this action was not barred by limitation.

Hence the court found upon every question of fact upon which the defendant requested finding of facts. It is true that the court did not find the facts as defendant desired, but this is not an error.

As we understand it, the party to an action has no right to direct what the finding of facts by the court shall be; a party requiring a finding upon the particular point should specify the point without dictating the terms of the finding. Miller v. Steen, 30 Cal. 402, 89 Am. Dec. 124; Porter v. Woodward, 57 Cal. 537.

In Miller v. Steen, supra, it is held:

"The party requiring a finding as to any fact in issue should specify the point upon which he desires the finding, without dictating how the facts should be found."

We are therefore of the opinion that the third proposition is without merit.

The fourth proposition of defendants, which is very briefly discussed in their brief, does not set out any of the alleged irrelevant, incompetent, and immaterial testimony admitted over the objections of defendants.

Rule 26 of this court (47 Okla. x, 165 Pac. ix) reads:

"When a party complains * * * of an omission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto."

Applying this rule, we might properly declined to consider said fourth proposition. But we have ignored said rule, and carefully searched the record, and are unable to see that any irrelevant, incompetent, and immaterial testimony over the objection of defendant was admitted. If, however, it be conceded that every objection by the defendants to the testimony should have been sustained, there still remains sufficient evidence that the fraud charged was practiced by Fannie M. Caulk; that Judge K. Clingan and Angeline Sisk were legally married under the laws of the state of Tennessee; that Mary C. Lowe was the legitimate child of said union, and that Mary C. Lowe was therefore an heir of the estate of Judge K. Clingan, deceased; that Mary C. Lowe did not have any notice of the proceedings in the probate court in regard to said estate of Judge K. Clingan, deceased; and that Fannie

M. Caulk had knowledge from Judge K. Clingan that Mary C. Lowe was a sister of said Fannie M. Caulk at the time of her filing proceedings in the county court, and therefore the fourth proposition is without merit.

In Elihu E. Jackson, v. Sallie Jackson, 80 Md. 176, 30 Atl. 752, it is held:

A "marriage may be proved by general reputation, cohabitation, and acknowledgment in all cases, except actions for criminal conversation and prosecutions for bigamy."

In Bishop on Marriage, Divorce, and Separation, par. 956, it is said:

"It being for the highest good of the parties, for the children, and of the community that all intercourse between sexes in form matrimonial should be such in fact, the law, when administered by enlightened judges, seizes upon all probabilities, and presses into its service all things else which can help it, in each particular case, to sustain the marriage, and repel the conclusion of unlawful commerce."

In the well-considered case of Chancey v. Whinnery, 47 Okla. 272, 147 Pac. 1036. Justice Sharp, speaking for the court, says:

"The authorities, with very general accord, are to the effect that, when a marriage in fact has been shown, the law raises a presumption that it is valid, casting the burden on him who questions it to establish its invalidity. This is one of the strongest presumptions known to the law. * * * Every intendment of law is in favor of matrimony. The law is so positive in requiring a party who asserts the illegality of a marriage to take the burden of proving it that such requirement is enforced, even though it involves the proving a negative. When a marriage has been shown in evidence, whether regular or irregular, and whatever the form of the proofs, the law raises a presumption of its legality, not only casting the burden of proof on the party objecting, but requiring him throughout and in every particular plainly to make the fact appear, against the constant pressure of this presumption, that it is illegal and void."

It is earnestly contended by defendants that the action in the instant case was barred by the statute of limitations, and with this contention we cannot agree. We are of the opinion that the fraud practiced upon the court was sufficient warrant for setting aside the judgment and proceedings had by the probate court had the action been brought within two years. The probate court being without equity powers, we are of the opinion that the statute of limitation, providing that actions to set aside judgments or

orders on a ground of fraud must be brought within two years after discovery of the fraud, does not pertain in the instant case, and, if fraud was alone involved in this case, we think the action would be barred under section 5274. But the record of the probate court and all the evidence in the case conclusively shows that Mary C. Lowe was never made a party to any of the proceedings had in the probate court, and therefore as to her the judgment and orders sought to be set aside were void, against which the statute of limitations does not run, and therefore the action was not barred.

That a judgment rendered without notice to a party at interest is, as against such party, a void judgment, is a canon of law so well established as not to need authorities in support thereof.

Section 5274, Revised Laws, in part provides:

"A void judgment may be vacated at any time on motion of a party or any person affected thereby."

The trial court did not err in finding that the action in the instant case was not barred by the statute of limitation, but erred in stating the grounds thereof, for the reason that the law relied upon by the distinguished judge, that Mary C. Lowe did not discover the fraud until a few months prior to her bringing of the action in the probate court, does not apply in the instant case; but, as has been frequently held by this court, the giving of a wrong reason or predicating a decision upon a law not applicable will not affect a correct conclusion thereby reached.

Mary C. Lowe not having appealed from the action of the county court denying that part of her petition which prayed for setting aside the appointment of Ott Caulk as administrator of the estate of Judge K. Clingan, deceased, Ott Caulk continues administrator of the said estate.

As the collateral kindred are not heirs of an estate where the decedent dies leaving a legitimate child, as in the instant case, the fifth paragraph of the judgment rendered in this case must be modified so as to read as follows:

"Fifth. That the above-entitled matter be remanded to the county court of Rogers county, Oklahoma, which said court is ordered and directed to reinstate said matter upon the docket and records of said court, and to permit all legal heirs of the estate of Judge K. Clingan, deceased, to make such claims to said estate of the said Judge K.

Clingan, deceased, and property belonging thereto, as they may have, and to entertain and determine such claims in the same manner and to the same extent as, if the estate had never been closed and determined, and as though the said orders and decrees vacated, annulled, set aside, canceled, and held for naught, had never been made and entered."

The judgment of the trial court as modified is affirmed.

By the Court: It is so ordered.