## HOGAN v. SUPERIOR COURT OF OKMULGEE COUNTY et al.

No. 18155—Opinion Filed March 22, 1927.

Rehearing Denied April 12, 1927.

(Syllabus.)

**Prohibition—Conclusiveness of Decree of Final Distribution in Administration of Estate—Writ to Prohibit Collateral Attack Through Suit to Determine Heirship.**

A decree of distribution made by the county court in probate having jurisdiction of the settlement of an estate on a hearing as provided by sections 1359-1362, Compiled Oklahoma Statutes, 1921, distributing to the heirs at law their respective shares of the estate of the deceased, is conclusive as to the rights of the parties interested in the estate, unless reversed or modified on appeal; such a decree is not subject to collateral attack, and where an action is being prosecuted under section 1390, Compiled Oklahoma Statutes, 1921, in the superior court for the purpose of determining heirship, and it is brought to that court's attention that a decree of final distribution has been made in a county court in probate having jurisdiction of the estate, under the provisions of section 1359-1362, supra, and such superior

court continues to exercise jurisdiction, resort may be had to prohibition.

Original action for writ of prohibition by Ella Loman Hogan against the Superior Court of Okmulgee County et al. Writ granted.

J. J. Bruce, for petitioner.

Frank L. Lamb and J. I. Pitchford, for respondents.

RILEY, J. This is an original action filed and presented by petitioner wherein there is sought a writ of prohibition against the respondents in order to restrain the further prosecution of an action pending in the superior court of Okmulgee county styled Roosevelt Nelson Loman v. Ella Hogan et al., and numbered 2015 in said court.

The action sought to be restrained was filed by the plaintiff therein on February 13, 1926, and for the purpose of establishing the heirship of Roosevelt as a condition precedent to the recovery, as sole heir, of the estate of Charley Loman, deceased.

The petitioner pleads in this application that Charley Loman died in Okmulgee county in 1918; that at the time of his death he was the record owner of certain property located in said county, which property was acquired during coverture and by joint industry with Ella Loman, widow of the decedent; that on November 18, 1918, A. R. Reed was duly appointed administrator of the estate of Charley Loman, deceased, in accordance with law, by the county court of Okmulgee county sitting in probate, and that the estate was completely administered on the date of July 8, 1920; that final account and application for an order of distribution of said estate was filed by said administrator on June 11, 1920, in said county court in compliance with section 1359, C. O. S. 1921, and that after due notice, and on July 8, 1920, after a full hearing, the final account and application for distribution was passed upon and judgment rendered decreeing Ella Loman, widow, and Zerleasie, Sadie, and Charles, Jr., children, to be heirs at law of said Charley Loman, deceased, and distribution to them was thereby ordered; that distribution was made to said heirs and said heirs have since been in possession of the real estate in controversy.

The petition filed in the superior court of Okmulgee county makes no mention of the probate proceedings in the county court of Okmulgee county. However, these probate proceedings, and thereby the contended lack of jurisdiction of the superior court, was brought to the attention of that court by motion to dismiss filed on behalf of Ella

Loman Hogan, defendant therein, and on February 10, 1927, the said motion was heard by the said superior court and over-ruled. On February 19th, the instant petition for writ of prohibition was filed in this court, and on said day there was granted a rule to show cause why the writ as prayed for should not issue.

It is the contention of the petitioner: (a) That the questions of fact as to the heirship of Charley Loman, deceased, have already been determined by the county court of Okmulgee county in probate, and that such a determination is res judicata as to the action pending in the superior court of Okmulgee county; (b) that the proceeding in the superior court of Okmulgee county constitute a collateral attack upon the final judgment and decree of the county court of Okmulgee county; (c) that there is no provision of law for such a proceeding in a superior or district court to determine the question of heirship in a suit to recover real property where such question has already been determined by the county court in probate in the administration proceedings of the estate of such decedent.

It may be convenient to outline the four statutory provisions for the determination of heirship or distribution of property of a decedent's estate. They are:

1. Under sections 1354-1358, C. O. S. 1921, providing that where letters testamentary, or of administration, have been issued, and after the lapse of four months thereafter, an heir, devisee, or legatee may present a petition to the county court for the legacy or share of the estate to which he is entitled, to be given him upon his giving bond with security.

2. Under sections 1359-1362, C. O. S. 1921, providing that upon final settlement of the accounts of the executor or administrator, or at any subsequent time, upon the application of the executor or administrator or any heir, legatee, or devisee, the court must proceed to distribute the residue of the estate in the hands of the administrator or executor among the persons who by law are entitled thereto.

3. Under section 1384, C. O. S. 1921, wherein it is provided that where the time limit by law for the institution of administration proceedings has elapsed without their institution, as well as in cases where there exist no lawful grounds for the institution of administration proceedings, a petition may be filed in the county court for the purpose of determining heirship, and the case shall proceed in all respects as if administration proceedings upon proper grounds had been regularly begun. State v. Huser, 76 Okla. 130, 184 Pac. 113; In re Jessie's Heirs, 259 Fed. 694.

4. Under section 1390, C. O. S. 1921, providing that where a deceased person was possessed of an estate and three years or more have elapsed since the death without there having been a decree of the county court having jurisdiction to administer on such estate, making distribution to such person named in such decree, such facts may be determined by the district court or any other court having jurisdiction in an action for the recovery of real property, or to determine any adverse interest therein.

The last above provision has no application to an estate that has been fully administered, yet it is by this provision last above set out that the action pending in the superior court of Okmulgee county was prosecuted to determine the rights of Roosevelt Nelson Loman, as to the fact of heirship, as a condition precedent to the recovery of possession of the estate of Charley Loman, deceased. We hold that the superior court of Okmulgee county has thus exceeded its jurisdiction, for we think the judgment of the county court of Okmulgee county is res judicata as to the facts to be determined. Teague et al. v. Smith et al., 85 Okla. 12, 204 Pac. 439.

There is no contention that the judgment of the county court of Okmulgee county is void. Kelso v. Shepard et al., 105 Okla. 231, 232 Pac. 81; Lynch et al. v. Collins et al., 106 Okla. 133, 233 Pac. 709.

A decree of distribution made by the county court in probate having jurisdiction of the settlement of an estate on a hearing as provided by sections 1359-1362, C. O. S. 1921, distributing to the heirs at law their respective shares of the estate of the deceased, is conclusive as to the rights of the parties interested in the estate, unless reversed or modified on appeal; such a decree is not subject to collateral attack, and where an action is being prosecuted under section 1390, C. O. S. 1921, in the superior court for the purpose of determining heirship, and it is brought to that court's attention that a decree of final distribution has been made in a county court in probate having jurisdiction of the estate, under the provisions of sections 1359-1362, supra, and such superior court continues to exercise jurisdiction, resort may be had to prohibition. Mudd v. Perry, 108 Okla. 168, 235 Pac. 479; Lusk et al. v. Green, 114 Okla. 113, 245 Pac. 636; O'Neil v. Cunningham, 112 Okla. 13, 239 Pac. 887.

"Prohibition is the proper remedy where

an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a case otherwise properly cognizable by it. It is the remedy afforded to correct encroachments of jurisdiction by inferior courts, and is used to keep such courts within the limits and bounds prescribed for them by law." Kincannon v. Pugh, 114 Okla. 90, 243 Pac. 945; State ex rel. Wesley v. Carr, 114 Okla. 121, 244 Pac. 436; Harris et al. v. Hudson, 122 Okla. 171, 250 Pac. 532.

As to inadequacy of remedy by appeal, see Tucker v. Searcy, 108 Okla. 198, 235 Pac. 610.

Let the writ of prohibition, as prayed for, issue.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, CLARK, and HEFNER, JJ., concur.

Note.—See 24 C. J. p. 528, §1400; p. 532, §1404; 32 Cyc. pp. 606, 607.