**LOWE v. EDWARDS et al.**

No. 17542. Opinion Filed Aug. 2, 1927.

(Syllabus.)

**1. Judgment—Finality Where no Appeal—Judgment in Probate Proceeding as Res Judicata.**

When the county court and the district court have jurisdiction of both the person and the subject-matter, and judgment is rendered and becomes final, it is binding on all parties thereto unless it be modified or set aside in a proper proceeding.

**2. Trial—Time of Trial—Delay not Worked by Change in Pleadings After Issues Made up.**

Where the issues have once been fully made up by the filing of pleadings, the provision of section 582, C. O. S. 1921, has spent its force and thereafter any change in the issues caused by the filing of new or amended pleadings, by leave of the court or consent of the parties, does not by reason of said section work a delay of the trial.

**3. Judgment Sustained.**

Record examined, and held sufficient to support the judgment of the trial court.

Error from District Court, Cherokee County; J. T. Parks, Judge.

Action by Mary C. Lowe against J. A. Edwards et al. Judgment for defendants, and plaintiff brings error. Affirmed.

Asbery Burkhead, for plaintiff in error.

Bruce L. Keenan, for defendants in error.

HEFNER, J. The facts in this case show that Fannie M. Caulk and Mary C. Lowe claimed heirship in the estate of Judge K. Clingan, deceased; that in the county court of Rogers county on May 19, 1909, Fannie M. Caulk was adjudged to be the sole heir to the estate. Afterward the plaintiff filed her petition to set aside this order decreeing heirship, and the order was set aside and the matter appealed to the district court, which court found that Mary C. Lowe had shown such a meritorious right in and to the estate of Judge K. Clingan, deceased, as would permit her to maintain the proceeding. From the judgment entered therein the case was appealed to the Supreme Court, the style of which is Caulk v. Lowe, 74 Okla. 191, 178 Pac. 101. The case was remanded and in doing so this court used this language:

"That the above entitled matter be remanded to the county court of Rogers county, Okla., which said court is ordered and directed to reinstate said matter upon the dockets and records of said court, and to

permit all legal heirs * * * to make such claims to the estate of Judge K. Clingan, deceased, and the property belonging thereto, as they may have, and to entertain and determine such claims in the same manner and to the same extent as if said estate had never been closed and determined, and the aforesaid orders and decrees vacated, annuled and set aside, canceled and held for naught, had never been made and entered."

After it was remanded, the case was tried de novo in the county court. The county court rendered judgment against the plaintiff, Mary C. Lowe. She appealed the case to the district court, which court also found the issues against her, and among the special findings, found that Judge K. Clingan and Angeline Sisk, the mother of the plaintiff, Mary C. Lowe, were never married; and that if Mary C. Lowe was a child of Judge K. Clingan, she was illegitimate and was never legitimated by the said Judge K. Clingan; and that Angeline Sisk, the mother of Mary C. Lowe, never took the name of Clingan and never held herself as the wife of the said Judge K. Clingan, and was known in the community as Angeline Sisk, and that she married a man by the name of Epperson under the name of Angeline Sisk, and that the plaintiff was never known by the name of Clingan, but was known at all times by the name of Sisk prior to her marriage to a man by the name of Cobb. This judgment against the plaintiff was entered on the third day of April, 1923, in the district court of Rogers county, Okla. Notice of appeal was given to the Supreme Court. but the appeal was never perfected and the judgment became final.

In 1925, the plaintiff, Mary C. Lowe, brought this action in the district court of Cherokee county, by which she sought to establish her one-half interest in the land in controversy. By agreement, copies of the various pleadings and judgments in the former actions in this matter were attached to plaintiff's petition and the defendant's answer, and the trial judge rendered judgment against the plaintiff in a motion on the pleadings, from which judgment this appeal has been perfected.

The plaintiff in error, Mary C. Lowe, referred to herein as plaintiff, contends that her status as an heir was fixed by the Supreme Court in a former appeal and that neither the county court nor the district court had any jurisdiction to divest her of her right as an heir to the estate of Judge K. Clingan, deceased.

By reference to the language of the Supreme Court in the former appeal, supra, it

will be seen that the Supreme Court directed the trial court to permit all legal heirs to make their claims to the estate of Judge K. Clingan, deceased, and the property belonging thereto, as they may have, and to entertain and determine such claims in the same manner and to the same extent as if said estate had never been **closed** and **determined.** We think it was the intention of the Supreme Court to remand said cause with directions that all claimants be permitted to present their claims to the said estate to the same extent as if a new proceeding had been instituted and no judgments had ever been entered. This is undoubtedly the construction placed upon this language by all parties to the suit. The case was tried de novo, evidence introduced, and no contention was made in the trial of the case to the effect that the Supreme Court, in a former appeal, had awarded an undivided one-half interest in the land to this plaintiff. When the county court rendered judgment against her, she appealed the case to the district court, and when that court rendered judgment against her, she gave notice of appeal to the Supreme Court, but failed to perfect it. The judgment became final.

Both the county court and the district court had jurisdiction of both the subject-matter and the person. We think she is bound by it; and when the defendants pleaded the defense of res judicata and attached to their pleadings certified copies of these judgments, we think it was a good defense to the cause of action set out by the plaintiff.

It is urged that the court committed error in rendering judgment on the pleadings before such motion was filed and in the absence of plaintiff and her counsel and over her objections, on December 31, 1925, less than ten days after the issues had been made up. The court said in his journal entry that the defendants moved for judgment on the pleadings and that the court read the pleadings and announced his decision that the defendants were entitled to judgment on the pleadings and that plaintiff was not entitled to recover anything. This is a sufficient answer to the contention that no motion was filed, if in fact it is necessary to file a motion.

In answer to the contention that the court rendered judgment on the pleadings before the ten days had elapsed after the issues were made up, we may say that the case was first at issue in May, 1925. The petition had been filed, the defendants had filed an answer and the plaintiff filed a reply to the answer on May 9, 1925. The case was then at issue. The fact that the plaintiff subsequently filed an amended petition and an amended answer subsequently was filed, does not entitle the plaintiff to an additional ten days after the issues have again been made up.

In the case of Chicago, R. I. & P. Ry. Co. v. Pitchford, 44 Okla. 107, 143 Pac. 1146, this court in the second paragraph of the syllabus, said:

"When the issues have once been fully made up by the filing of pleadings, or by failure to file them, the provision of the statute mentioned in the foregoing paragraph has spent its force, and thereafter any change in the issues caused by the filing of new or amended pleadings by leave of the court or consent of the parties does not, by reason of said section, necessarily work a delay of the trial."

In the body of the opinion it is said:

"When the issues are once made up by the filing of pleadings, or the failure to file them, the case under section 5834, supra, is triable at any time more than ten days thereafter."

The case having been at issue on the 9th day of May, 1925, section 582, C. O. S. 1921, spent its force in ten days thereafter.

There being no error, the judgment of the trial court is affirmed.

BRANSON, C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

MASON, V. C. J., disqualified and not participating.

Note.—See under (1) 34 C. J. p. 758, §1168; p. 759, §1170; p. 772, §1189. (2) 38 Cyc. p. 1281. (3) 4 C. J. p. 1129, §3122.