## NATIONAL EXPLORATION CO. et al. v. ROBINS.

No. 19021. Opinion Filed Dec. 17, 1929.

Streeter Speakman, for plaintiffs in error Johnnie May and Lennie Robins.

Koerner, Fahey & Young, and J. T. Dickerson, for plaintiffs in error National Exploration Company, Roxana Petroleum Company, and Skelly Oil Company.

Walker & Lewis and Blakemore & George, for defendant in error.

HERR, C. This is an action originally brought in the district court of Creek county by Thomas Robins against the National Exploration Company, Roxana Petroleum Company, Skelly Oil Company, Lennie and Johnnie May Robins, to recover a two-ninths undivided interest in 40 acres of land lying in Creek county.

It is alleged that these premises constituted the allotment of Phoebe Robins, a Creek freedman; that she conveyed said premises to her husband, Mack Robins; that said Mack Robins died intestate seized of said lands; that Phoebe Robins, widow of Mack Robins, Lennie and Johnnie May Robins, surviving children, and this plaintiff constituted all and the only heirs at law of the said Mack Robins, deceased.

It is further alleged that plaintiff is an illegitimate son of Mack Robins; that the said Mack Robins duly and legally adopted him, and that he is, therefore, entitled to inherit and participate in the distribution of the estate of said Mack Robins, deceased, equally with the legitimate children.

Defendants, among other defenses, plead res judicata. It is alleged that upon the death of Mack Robins, his estate was duly and legally administered upon and a decree distributing the estate and determining heirship was rendered, by which decree it was determined and adjudicated that Phoebe Robins, Lennie and Johnnie May Robins comprised all of the heirs at law of Mack Robins, deceased.

The defendant oil companies claim under a lease executed by Mack Robins, and, in conjunction with the other defendants, rely on the administration proceedings and the decree of heirship. The decree was rendered on the 9th day of July, 1919. This suit was filed on the 22nd day of August, 1925.

The regularity of these proceedings is not challenged by plaintiff, nor is it contended by him that notice of final settlement and distribution as provided by statute was not given. His sole contention is that his name nowhere appears on the face of the proceedings; that no personal notice was served on him, and that as to him, the decree is, therefore, not binding. In support of this contention he relies on the case of He-ah-to-me v. Hudson, 121 Okla. 173, 249 Pac. 138. Paragraph 2 of the syllabus is as follows:

"Where the county court assumes jurisdiction of an estate of a deceased person, but no notice is given of such probate proceedings to the heir at law of the deceased, and such heir is not mentioned in the petition for appointment or order approving final settlement, or in any of the other probate proceedings, and the estate is distributed to another person not the lawful heir thereto, such order of distribution is void and may be set aside by the person rightfully entitled to inherit such estate."

This opinion squarely sustains the contention of plaintiff. This case holds a decree determining heirship is not binding upon one claiming to be an heir unless such person is personally mentioned in the proceedings, or personally served with notice, notwithstanding notice by publication as provided by statute is given.

Defendants contend that this case is in conflict with the following decisions of this court: Teague v. Smith, 85 Okla. 12, 204 Pac. 439; Hilton v. Coyne, 103 Okla. 279, 229 Pac. 630; Hogan v. Superior Court of Okmulgee County, 122 Okla. 295, 254 Pac. 966; Wood v. Vann, 125 Okla. 121, 256 Pac. 918; Mudd v. Perry, 108 Okla. 168, 235 Pac. 479.

It is contended that either the He-ah-to-me Case or all of the above cases must be overruled. Some of these cases may be distinguished from the He-ah-to-me Case, but is is impossible for us to distinguish said case from the cases of Teague v. Smith and Hogan v. Superior Court of Okmulgee County, supra. In the Teague v. Smith Case, supra, paragraph 1 of the syllabus is as follows:

"A decree of distribution made by the county court in probate having jurisdiction of the settlement of an estate on a hearing as provided by sections 6463, 6464, and 6466 of Revised Laws 1910, distributing the heirs at law their respective shares of the estate of the deceased, is conclusive as to the rights of the parties interested in the estate unless reversed or modified on appeal, and such a decree is not subject to collateral attack."

The Hogan Case, supra, was decided sub-

sequent to the He-ah-to-me Case, and therein it is said:

"A decree of distribution made by the county court in probate having jurisdiction of the settlement of an estate on a hearing as provided by sections 1359-1362, Comp. Statutes 1921, distributing to the heirs at law their respective shares of the estate of the deceased, is conclusive as to the rights of the parties interested in the estate, unless reversed or modified on appeal; such a decree is not subject to collateral attack, and where an action is being prosecuted under section 1390, Comp. Stat. 1921, in the superior court for the purpose of determining heirship, and it is brought to that court's attention that a decree of final distribution has been made in a county court in probate having jurisdiction of the estate, under the provisions of sections 1359-1362, supra, and such superior court continues to exercise jurisdiction, resort may be had to prohibition."

We think these cases should be followed and the Ho-ah-to-me Case overruled.

The opinion in the latter case holds squarely that a decree settling heirship binds no one who is not personally mentioned in the proceedings, does not appear therein, and is not personally served with notice, even though notice by publication, as provided by statute, is given; that such notice does not bring persons, claiming to be heirs and not mentioned in the proceedings, before the court, and that such persons are in no manner bound by the proceedings and are not barred by any statute of limitation except, possibly, the 15-year statute.

This opinion is based on the theory that such proceedings are proceedings in personam and not proceedings in rem. The following authorities are cited in the opinion as sustaining the conclusion therein reached: In re Bunting's Estate, 30 Utah, 251, 84 Pac. 109; Carter v. Frahm (S. D.) 141 N. W. 370; Boswell v. Otis (U. S.) 9 How. 336, 13 L. Ed. 164. We have carefully examined these authorities and are driven to the conclusion that they do not support the opinion.

In the case of In re Bunting's Estate, supra, there was an application to vacate an order appointing an administrator on the ground that the notice as provided by statute was not given. It appears from the opinion that this defect was shown upon the face of the record. The court held this notice jurisdictional and vacated the order.

The case of Boswell v. Otis, supra, simply holds that service by publication will not support a personal judgment.

In the case of Carter v. Frahm, supra, it appears that the statutory notice for the appointment of an administrator was not given, nor was there a petition for distribution filed. These defects all appeared on the face of the judgment roll. The court held the proceeding void and subject to collateral attack. This case also announced the following rule:

"The administration of an estate under the probate jurisdiction of the court is a proceeding in rem, and, while the court need not have jurisdiction of the persons of the heirs, it is essential that constructive notice to them be given as prescribed by law to give the court jurisdiction over the subject-matter."

The case of Caulk v. Lowe, 74 Okla. 191, 178 Pac. 101, is also cited in the opinion. In that case no notice of any kind or character was given of the hearing of the petition for distribution and determination of heirship. A decree was entered on the same day the petition was filed without giving anyone an opportunity to be heard. This court rightfully held such proceedings absolutely void. Moreover, in that case, fraud in procuring the decree was alleged.

In our opinion, these cases do not support the opinion.

It is quite generally held that proceedings of this nature are proceedings in rem, and that notice given as provided by statute is notice to the world, and brings before the court all parties having or claiming an interest in the estate, and that a decree rendered on such notice, unappealed from, is binding and conclusive against all parties claiming an interest in such estate, subject, however, to be impeached for fraud and set aside in a proper tribunal to the same extent and in like manner as other judgments.

Monk v. Morgan (Cal.) 192 Pac. 1042, announces the following rule:

"The proceedings for the probate of an estate being in the nature of a proceeding in rem, the giving of a notice as directed by the statute calls the entire world before the court, which thereby gains jurisdiction over the estate and over all persons for the purpose of determining the rights to any portion of the estate, and any person who may assert any right or interest therein is required to present his claim, and the court's determination is conclusive upon him whether he appears or not."

In the case of William Hill Co. v. Lawler (Cal.) 48 Pac. 323, in the body of the opinion, it is said:

"A proceeding for distribution is in the

nature of a proceeding in rem, the res being the estate which is in the hands of the executor under the control of the court, and which he brings before the court for the purpose of receiving directions as to its final disposition. By giving the notice directed by the statute, the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate; and every person who may assert any right or interest therein, is required to present his claim for its determination. Whether he appears and presents his claim, or fails to appear, the action of the court is equally conclusive upon him, 'subject only to be reversed, set aside, or modified on appeal'."

In the case of Cunha v. Hughes (Cal.) 54 Pac. 535, the Supreme Court of California says:

"Upon an application for the distribution of an estate, the entire world is notified to be present at the hearing, and to make known their claims, if any they have, to the estate of the decedent, or any portion therof; and the decree of distribution becomes a judicial determination of their claim, which, unless reversed, set aside, or modified upon appeal, is conclusive of their rights, the same as is a final judgment in any other action or proceeding."

Connolly et al. v. Probate Court of Kootenal County (Ida.) holds:

"Probate proceedings in the settlement of estates are in the nature of proceedings in rem, and, upon the statutory notices being given, all the world is charged with notice."

In the case of Krohn v. Hirsch (Wash.) 142 Pac. 647, it is said:

"Orders and decrees of distribution, made by superior courts in administering estates on due published and posted notice as required by statute, have all the force and effect of judgments in rem, and are final adjudications conclusive and binding on all the world."

See, also, Miller v. Pitman (Cal.) 182 Pac. 50; Beltram v. Hynes (Cal.) 180 Pac. 540; Warren v. Ellis (Cal.) 179 Pac. 544; Chadborne v. Hartz (Minn.) 101 N. W. 68; Ladd v. Welskopf (Minn.) 64 N. W. 99; Greenwood v. Murray (Minn.) 2 N. W. 945; Snyder v. Murdock (Utah) 73 Pac. 22.

In the case of Teague v. Smith, supra, this court cites with approval the case of Goodrich v. Ferris, 214 U. S. 71, 53 L. Ed. 914. It is there said:

"A probate proceeding by which jurisdiction of the probate court is asserted over a decedent's estate for the purpose of administration is in the nature of proceeding in rem, as to which all the world is charged with notice; the law of California conforms to this rule.".

In the above case, Goodrich claimed as an heir of the deceased. His name was nowhere mentioned in the proceedings. A decree of distribution and determination of heirship was rendered on notice by publication as provided by the California statute. The decree was assailed seven years after its rendition, on the ground that the same was void for want of notice; that plaintiff was deprived of his property without due process of law. The decree was held valid by the Supreme Court of the United States, and not violative of the due process clause of the federal Constitution.

The case of Williams, Adm'r, v. Gibbs, 17 How. 239, 15 L. Ed. 135, is relied on by plaintiff. This case has no application for the reason that here we are governed by specific statutory provisions, whereas in the cited case there was no such controlling statute on the subject.

Our statute, sections 1351 and 1352, provides for the filing of final account by the administrator; section 1336 provides for notice of a hearing thereon; section 1359 provides for final settlement of the account, distribution of the estate, and determination of heirship. Section 1360, referring to the effect of such decree, provides:

"In the order or decree, the court must name the persons and the proportions or parts to which each shall be entitled; and such persons may demand, sue for, and recover their respective shares from the executor or administrator, or any person having the same in possession. Such order or decree is conclusive as to the rights of heirs, legatees, or devisees, subject only to be reversed, set aside, or modified on appeal."

When these sections are complied with, a decree rendered thereunder, unappealed from, is binding and conclusive against all parties claiming an interest in the estate. Such decree, however, may be set aside for fraud. Caulk v. Lowe, supra; Beatty v. Beatty, 114 Okla. 5, 242 Pac. 767. Plaintiff, however, does not allege fraud; nor does the evidence establish the same.

Plaintiff, in the instant case, was over 23 years of age at the time the suit was filed. Had he instituted this proceeding within one year after arriving at the age of majority, relief, no doubt, would have been granted him under section 684, C. O. S. 1921. Haymes et al. v. McDermott et al., 125 Okla. 147, 256 Pac. 908. We think, however, after

the lapse of one year after arriving at full age, the decree, in the absence of a showing of fraud or collusion, is binding upon him.

The probate proceedings referred to in the instant case being regular on their face, notice having been given on the hearing of the petition for final distribution and determination of heirship as provided by statute, the decree rendered therein is binding upon plaintiff and cannot be collaterally attacked. In holding otherwise, the trial court erred.

The conclusion here reached is not in harmony with the holding of this court in the He-ah-to-me Case, supra, but we think conforms to prior and subsequent holdings, and in so far as the holding in said case is in conflict herewith, it is hereby expressly overruled.

The view taken renders it unnecessary to pass upon the other questions here presented.

Judgment should be reversed, and the cause remanded, with instructions to enter judgment in favor of defendants.

BENNETT, JEFFREY, DIFFENDAFFER, and REID, Commissioners, concur.

By the Court: It is so ordered.